**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NUPRO TECHNOLOGIES, INC.,      )
                               )
          Plaintiff,           )
                               )        Misc. Case No. _____
     v.                        )
                               )        Re: NuPro Technologies, Inc. v.
E.I. DU PONT DE NEMOURS AND    )        E.I. du Pont Nemours and Company
COMPANY,                       )        No. 1:06-CV-1061-NCT-PTS (M.D.N.C.)
                               )
          Defendant.           )

---

**MEMORANDUM IN SUPPORT OF NON-PARTY WITNESS'**
**MOTION FOR A PROTECTIVE ORDER AND, IN THE ALTERNATIVE, MOTION TO**
**QUASH SUBPOENA OF CYNTHIA BAUTISTA STOUFFER**

                                    Richard L. Horwitz (#2246)
                                    David E. Moore (#3983)
                                    POTTER ANDERSON & CORROON LLP
                                    1313 N. Market Street
OF COUNSEL:                         Hercules Plaza, 6th Floor
                                    P. O. Box 951
Dan R. Taylor, Jr.                  Wilmington, DE  19899
Tonya R. Deem                       Tel:  (302) 984-6000
Jason M. Wenker
KILPATRICK STOCKTON LLP             *Counsel for Defendant DuPont and Non-*
1001 West Fourth Street             *Party Witness Cynthia Bautista Stouffer*
Winston-Salem, NC  27101-2400
Tel:  (336) 607-7300

Dated:  June 12, 2008
869024/20120-481

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

I.     SUMMARY OF ARGUMENT ...................................................................... 1

II.    FACTS ........................................................................................................ 2

       A.    The Parties ....................................................................................... 2

       B.    The Relevant Time Period:  2003/2004 ........................................... 2

       C.    NuPro's Lawsuit .............................................................................. 3

       D.    NuPro's Failed Claims ..................................................................... 3

       E.    Ms. Stouffer's Deposition:  Unrelated to Remaining Claims ............... 4

       F.    Meet and Confer .............................................................................. 6

III.   ARGUMENT ............................................................................................... 8

       A.    The Subpoena Seeks Discovery that is Neither Relevant to the Claims or
             Defenses at Issue Nor Reasonably Calculated to Lead to the Discovery of
             Admissible Evidence, Providing Good Cause for Entry of a Protective
             Order Prohibiting the Deposition. ................................................... 8

       B.    NuPro Has Had Ample Opportunity To Obtain Any Information it
             Currently Seeks. ............................................................................... 9

       C.    The Burden To The Non-Party Involuntary Witness Outweighs The
             Relevance And Need For The Discovery. ............................................. 9

       D.    In The Alternative, This Court Should Quash the Subpoena ................ 10

IV.    CONCLUSION ............................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Blum v. Schlegel,*
    150 F.R.D. 38 (W.D.N.Y. 1993)........................................................................... 9

*Brock v. Teamsters Local Union No. 863,*
    113 F.R.D. 32 (D.N.J. 1986)................................................................................. 9

*Lang v. Kohl's Food Stores, Inc.,*
    185 F.R.D. 542 (W.D.Wis. 1998) ....................................................................... 10

*Lewelling v. Farmers Ins. of Columbus, Inc.,*
    879 F.2d 212 (6th Cir. 1989) ................................................................................ 8

*Thomas v. Int'l Bus. Machs.,*
    48 F.3d 478 (10th Cir. 1995) ................................................................................ 8

*Zukoski v. Philadelphia Elec. Co.,*
    Civ. A. No. 93-4780, 1994 WL 637345 (E.D.Pa. Nov. 14, 1994)........................ 8

### FEDERAL RULES

Fed. R. Civ. P. 9 ....................................................................................................... 5

Fed. R. Civ. P. 11 ..................................................................................................... 3

Fed. R. Civ. P. 12 ..................................................................................................... 3

Fed. R. Civ. P. 26.............................................................................................. *passim*

Fed. R. Civ. P. 41 .................................................................................................. 3, 4

Fed. R. Civ. P. 45 ............................................................................................. 1, 2, 10

Pursuant to Rules 26 and 45 of the Federal Rule of Civil Procedure, non-party witness Cynthia Bautista Stouffer, through her counsel, respectfully requests that the Court issue a protective order precluding her deposition from going forward, and in the alternative, moves for an order quashing the subpoena served upon her by Plaintiff NuPro Technologies, Inc. ("NuPro") in its pending action against Defendant E.I. du Pont de Nemours and Company ("DuPont"), No. 1:06-CV-1061-NCT-PTS, pending before the United States District Court, Middle District of North Carolina. The subpoena (attached hereto as Exhibit A[1]), which was served on Ms. Stouffer on Wednesday, June 2, 2008, commands the deposition of Ms. Stouffer for Friday, June 13, 2008 in Wilmington, Delaware.[2]

## I.    SUMMARY OF ARGUMENT

The burdensome, time-consuming, and expensive discovery conducted by the parties to date establishes that NuPro's lawsuit against DuPont is a baseless and improper fishing expedition. Like its lawsuit, NuPro's subpoena served upon Ms. Stouffer, a non-party and former employee of DuPont who retired from the company on June 30, 2001, long before the operative facts occurred, is ill-founded and improper. The Court should enter a protective order preventing the deposition of Ms. Stouffer from proceeding and, alternatively, quash the subpoena because (1) Ms. Stouffer's deposition is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1), and therefore justice requires the entry of a protective order to protect Ms. Stouffer from annoyance, oppression, or undue burden, Fed. R. Civ. P. 26(c); (2) NuPro has had ample

---

[1] Supporting exhibits for this motion are attached to the accompanying declaration of Jason M. Wenker.

[2] In matters relating to a deposition, as here, Rule 26(c) provides that the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c).

opportunity by discovery in this action to obtain the information it seeks, Fed. R. Civ. P. 26(b)(2)(C); and (3) the burden or expense of the proposed discovery outweighs its likely benefit, Fed. R. Civ. P. 26(b)(2)(C) and 45(c)(3)(A)(iv).

## II.    FACTS

### A.    The Parties

NuPro is a three-person company which, among other things, develops, through a contract chemist, and manufactures, through a third party contractor, flexographic developer solvents ("solvents") for sale in the marketplace.[3]  Relevant to this case, NuPro began marketing a solvent under the trade name Nutre Clean® XP ("XP") in 2004.  (Am. Compl. ¶ 3, attached as Exhibit B.)    DuPont is a well-known chemical company whose business includes the manufacture and sale of flexographic printing equipment and developer solvents.  DuPont developed the solvent at issue in this case, Cylosol, in November 2004 as a lower odor alternative to its Optisol® ("Optisol") solvent, which it has marketed for more than 20 years. (*Id.* ¶¶ 7, 10.)

### B.    The Relevant Time Period:  2003/2004

DuPont has periodically discussed with various vendors, including NuPro, alternative solvents with lower-odor than Optisol.  In the course of these discussions with NuPro, the parties entered into a series of Confidential Disclosure Agreements ("CDAs") and DuPont evaluated products and samples provided by NuPro. (Am. Compl. ¶¶ 4, 5, 8.)  Despite periodic discussions in the late 1990s and early 2000s, the parties were not able to develop a business relationship.

---

[3] Flexographic printing is a method of printing that is most commonly used to make labels for flexible packaging for products such as frozen foods.  The flexographic printing process requires the creation of three-dimensional images on flexible printing plates made of rubber or polymer. To create the three-dimensional image, a developer solvent and mechanical action is used to dissolve and wash away the portions of the printing plate that are not to deliver ink to the medium to be printed.

The parties' last attempt to work out a business arrangement related to solvents occurred from late 2003 through 2004 when DuPont evaluated NuPro's newest solvent, XP. However, DuPont internally developed Cylosol in November 2004, and shortly thereafter decided to proceed with commercializing Cylosol, eliminating the need to continue discussions with NuPro about XP, or any other companies, regarding the purchase of a low-odor solvent. (*Id.* ¶ 10.) As recognized by NuPro's counsel in a recent pleading, the conduct of the parties in 2003 and 2004 forms the basis of this lawsuit. (Plt's Resp. to Def's Mot. for Exten. Page Limits ¶ 2, attached as Exhibit C ("[T]he primary conduct at issue in this case occurred in late 2003 and throughout 2004."))

### C.    NuPro's Lawsuit

NuPro filed its vague Complaint against DuPont on November 9, 2006 asserting purported claims of breach of confidentiality agreements, misappropriation of trade secrets, fraud, unfair and deceptive trade practices, and patent infringement, and seeking injunctive relief (which it has never pursued). (Compl. ¶¶ 1-22 attached as Exhibit D.)

### D.    NuPro's Failed Claims

In response to DuPont's initial Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), NuPro abandoned its patent infringement claim. (Am. Compl.) Subsequent discovery has proven that NuPro had no patent which it could have reasonably believed was infringed by Cylosol at the time it filed suit, and that reasonable pre-suit inquiry would have so alerted NuPro and its counsel. DuPont has informed NuPro of this apparent violation of Fed. R. Civ. P. 11.

NuPro later sought to voluntarily dismiss without prejudice its misappropriation of trade secrets claim under Fed. R. Civ. P. 41(a)(2), purportedly in response to discovery of voluminous DuPont documents (over 21,000 pages of documents) and depositions of four current DuPont

employees in this case.[4]  NuPro's Rule 41 Motion stated that its "desire to voluntarily dismiss its misappropriation of trade secrets claim against defendant" is "based upon information learned through these depositions and exhaustive review of defendant's document production." (Plt's Mot. to Dismiss Without Prej. Trade Sec. Claim. ¶ 5, attached as Exhibit E.)   However, voluminous publicly available documents unequivocally establish that a reasonable pre-suit inquiry would have informed NuPro that its statutory trade secrets claim lacked merit.  For this reason, DuPont opposed NuPro's Rule 41 Motion, which is still pending, arguing that dismissal should be entered *with* prejudice, and that the Court should preserve DuPont's right to seek attorneys' fees and costs under Rule 11, or otherwise, at a later date.

With the bulk of discovery now completed, NuPro's three remaining claims have proven to be equally unsupported by law or fact, and NuPro is now improperly seeking the deposition of an non-party with no knowledge of the facts at issue in this case, presumably to bolster its three remaining claims.  However, as explained in more detail below, the only time-period possibly relevant to NuPro's remaining three claims is late 2003 through 2004, and Ms. Stouffer has no knowledge about the events that occurred during this time, having left DuPont in June 2001.

### E.    Ms. Stouffer's Deposition:  Unrelated to Remaining Claims

While NuPro originally asserted that its breach of contract claim was based upon five (5) separate Confidential Disclosure Agreements ("CDAs") entered between the parties in June 1998, March 2001, September 2003, November 2003, and November 2004, NuPro's counsel has recently conceded that the 1998 and 2001 Agreements are not at issue in this case.  (May 15, 2008 email from K. Cartledge, attached as Exhibit F.)  Similarly, while NuPro's fraud and unfair trade practices claims are based on DuPont's purported fraudulent plan and scheme beginning

---

[4] A fifth deposition of a current DuPont employee, the inventor of Cylosol, was taken three days before the filing of NuPro's Rule 41(a)(2) motion.

4

"in 2001" to misuse NuPro's confidential information provided under the CDAs (Am. Compl. ¶ 6.), the only instance of fraud pled with any particularity under Fed. R. Civ. P. 9(b) allegedly occurred on December 4, 2003 just after the outset of the parties' last round of discussions (and was not alleged to have involved Ms. Stouffer). (*Id.*) Thus, (1) any breach of contract could not have occurred earlier than September 2003, and in fact could not have occurred until NuPro shared purportedly "Confidential" information about its XP solvent with DuPont on or after July 2004,[5] and (2) any fraud or unfair trade practice occurred no earlier than December 2003. Ms. Stouffer retired from DuPont on June 30, 2001.

With this factual backdrop, NuPro has noticed one final deposition before the upcoming close of discovery on June 16, 2008 – the deposition of non-party Cynthia Bautista Stouffer. Ms. Stouffer starkly contrasts with the five fact witnesses previously deposed by NuPro in this case. First, she is not a current DuPont employee. Second, and more importantly, she was not employed by DuPont from late 2003 through 2004, the time of the operative facts at issue in this case. Instead, Ms. Stouffer retired from DuPont as an industrial hygienist on June 30, 2001, almost seven (7) years ago, and more than three (3) years before the last round of discussions between DuPont and NuPro. Not surprisingly given her retired status and long absence from DuPont, Ms. Stouffer has no knowledge about Cylosol, XP, or any of the facts relevant to NuPro's claims. Further, she has no documents responsive to NuPro's subpoena, as stated in her written objection to production of documents served on NuPro's counsel today. (June 12, 2008 Letter from J. Wenker to G. Wilson, attached as Exhibit G.) Based on these facts, Ms. Stouffer's

---

[5] Again, a recent pleading from NuPro acknowledges that the primary conduct at issue occurred in 2003 and 2004, and "as such, the breach of contract claims appear to only involve the 2003 and 2004 confidentiality agreement, and the only issues involved in the breach of those agreements are whether defendant used two ingredients from plaintiff's formulas in its development of the Cylosol product." (Plt's Resp. to Def's Mot. for Exten. Page Limits ¶ 2.)

deposition is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b).

### F.    Meet and Confer

Counsel for Ms. Stouffer and NuPro have conferred repeatedly by phone and via email in an attempt to resolve their dispute about Ms. Stouffer's deposition. When counsel for Ms. Stouffer originally informed NuPro that her deposition was improper, NuPro offered to forego efforts to depose Ms. Stouffer if DuPont would agree not to call her as a witness at trial. (*See* email chain from K. Cartledge to J. Wenker, April 17, 2008 at 12:33 p.m., attached as Exhibit H.) DuPont responded that it had no intention of calling Ms. Stouffer as a witness, but could not agree to forego calling her as a witness until DuPont had the opportunity to take the deposition of NuPro's President, David Bradford, and understand his testimony. (*Id.*, Wenker to Cartledge, April 17, 2008 at 1:07 p.m.) NuPro postponed its efforts to depose Ms. Stouffer until after Mr. Bradford's deposition.

After Mr. Bradford's deposition, NuPro renewed its attempts to depose Ms. Stouffer. (*Id.*, Cartledge to Wenker, May 28, 2008 at 8:39 a.m.) DuPont then confirmed that it had no intention of calling Ms. Stouffer as a witness at trial which, pursuant to NuPro's prior offer, should have eliminated the need to depose Ms. Stouffer. (*Id.*, Wenker to Cartledge, May 28, 2008 at 3:48 p.m.) However, NuPro's "new" offer required DuPont to agree not to offer *any* evidence contradicting certain testimony of Mr. Bradford's about which Ms. Stouffer has no knowledge. (*Id.*) Although DuPont believes that testimony to be irrelevant, it could not agree to forego offering contradictory evidence, even though DuPont was still willing to forego calling Ms. Stouffer as a trial witness. (*Id.*)

At that point, NuPro stated for the first time its purported reasons for seeking Ms. Stouffer's deposition, offering only two (2) factual bases that allegedly arose from Mr.

6

Bradford's deposition:  (1) to confirm that Ms. Stouffer, a former industrial hygienist at DuPont

prior to June 30, 2001, did not like DuPont's Optisol solvent; and (2) to determine when DuPont

may have "run" an unidentified NuPro solvent at DuPont's customer training center facility for a

year and a half between 2001 and 2003.  (*Id.*)  As explained to NuPro, those topics are not

relevant to the claims or defenses at issue in this lawsuit and do not provide a proper basis for

Ms. Stouffer's deposition:  Ms. Stouffer's feelings about Optisol, a product that is not the basis

of this lawsuit, have no correlation to the operative facts surrounding the parties discussions and

the development of Cylosol in 2003 and 2004, and Ms. Stouffer has no knowledge of DuPont

"running" a NuPro solvent at DuPont for over a year.  (*Id.*)  Despite a request for any existing

information about the unidentified solvent allegedly "run" at DuPont, NuPro's counsel provided

no such substantiating information, and apparently no such documentation exists.  (*Id.*)

Furthermore, NuPro never provided a basis for believing that Ms. Stouffer would know anything

about a solvent purportedly "run" at DuPont at a time around, and possibly entirely after, her

retirement from DuPont.  (*Id.*)  Finally, despite requests, NuPro did not provide further reasons

or factual support for seeking to depose Ms. Stouffer, (*id.*, Wenker to Cartledge, May 29, 2008 at

10:09 a.m.), even though it claimed to be willing to do so.  (*Id.*, Cartledge to Wenker, May 29,

2008 at 11:28 a.m.)  The lack of cooperation by NuPro following Mr. Bradford's deposition

engendered heightened suspicion that Ms. Stouffer's deposition was being pursued for improper

purposes.

      Ms. Stouffer's counsel's good faith efforts to resolve this dispute were unsuccessful,

necessitating the filing of this motion in response to the subpoena served upon Ms. Stouffer on

June 2, 2008.

## III.   ARGUMENT

### A.   The Subpoena Seeks Discovery that is Neither Relevant to the Claims or Defenses at Issue Nor Reasonably Calculated to Lead to the Discovery of Admissible Evidence, Providing Good Cause for Entry of a Protective Order Prohibiting the Deposition.

Although Rule 26 allows for liberal discovery, there are important exceptions. Rule 26 establishes that a party cannot use discovery for purposes unrelated to the lawsuit, and that the discovery sought must be relevant to the parties' claims or defenses and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). An even stronger showing of relevance is required when, as here, discovery is sought from a non-party. *Zukoski v. Philadelphia Elec. Co.,* No. 93-4780, 1994 WL 637345, at *3 (E.D.Pa. Nov. 14, 1994) (noting the heightened standard for non-party discovery and stating that where the relevance of the information sought was in doubt, the fact that the discovery was sought from a non-party was further support that it was not subject to discovery).

Here, given Ms. Stouffer's status as a non-party, her retirement from DuPont on June 30, 2001 (long before the facts at issue), the absence of any subpoenaed documents in her possession, and her utter lack of knowledge of the operative facts occurring years after her retirement, Ms. Stouffer's deposition is improper under Rule 26. *See generally Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirming district court's entry of protective order where presumptive deponent had no knowledge of facts pertinent to plaintiffs' action); *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (district court did not abuse discretion in entering protective order preventing deposition where presumptive deponent lacked personal knowledge of matters at issue). If her deposition is allowed to proceed, Ms. Stouffer will be subjected to annoyance, harassment, and undue burden arising from preparing for and attending a deposition raising irrelevant issues about events occurring

8

more than seven (7) years ago, long before the conduct at issue in this case. Therefore, good cause exists for entering a protective order prohibiting her deposition from proceeding. *Brock v. Teamsters Local Union No. 863*, 113 F.R.D. 32, 34 (D.N.J. 1986) (granting motion for protective order precluding depositions that were not reasonably calculated to lead to the discovery of admissible evidence); *see generally Blum v. Schlegel*, 150 F.R.D. 38, 39-41 (W.D.N.Y. 1993) (entering protective order to prevent discovery into irrelevant issues).

### B.    NuPro Has Had Ample Opportunity To Obtain Any Information it Currently Seeks.

Even if NuPro could adequately explain how a retired, former employee who left DuPont nearly seven (7) years ago could possibly have relevant information, NuPro has had ample opportunity to obtain such information from other deponents, and particularly several of the current employees NuPro previously deposed. Fed. R. Civ. P. 26(b)(2)(C). For this reason, Ms. Stouffer's deposition is improper under Rule 26, warranting a protective order.

### C.    The Burden To The Non-Party Involuntary Witness Outweighs The Relevance And Need For The Discovery.

Fed. R. Civ. P. 26(c) requires courts to dismiss or preclude subpoenas that cause undue burden, especially subpoenas directed at persons who are non-parties to the subject litigation. Here, the burden of requiring Ms. Stouffer to spend time preparing for and attending a deposition on an unlimited number of topics pertaining to her former employment with DuPont, which is utterly unrelated to this lawsuit, far outweighs any likely benefit of allowing her deposition to proceed. Questioning Ms. Stouffer about actions prior to her retirement in June 2001 could serve no purpose in resolving the issues in this case. Furthermore, Ms. Stouffer is over the age of 65 and was hospitalized on Tuesday, June 10, 2008 with a serious medical condition; she remains hospitalized at the time of this filing. Due to her current health condition, appearing for a deposition in the near future is not possible. Given that the burden to Ms. Stouffer outweighs

9

any potential benefit arising from the deposition, good cause exists to enter a protective order prohibiting the deposition of Ms. Stouffer.

###    D.    In The Alternative, This Court Should Quash the Subpoena

In the alternative, pursuant to Rule 45(c), Ms. Stouffer requests that this Court quash the subpoena and relieve her from the undue burden of submitting to testimony as a non-party, former employee who has no knowledge of the facts at issue in this case. Rule 45(c)(3)(A)(iv) provides that a court shall quash any subpoena that "subjects a person to undue burden" by compliance, and courts have consistently quashed deposition subpoenas that present an undue burden. *See, e.g., Lang v. Kohl's Food Stores, Inc.,* 185 F.R.D. 542 (W.D.Wis. 1998) (the marginal relevance of the information sought was outweighed by the burden of compliance with the subpoenas, requiring protection under Rule 45(c)(3)(A)(iv)).

## IV.    CONCLUSION

Based on the foregoing, non-party witness Ms. Stouffer requests that the Court grant her motion for protective order preventing the deposition of Ms. Stouffer, and in the alternative, quash the subpoena purporting to require her deposition. A proposed order it attached to the accompanying motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)

Dan R. Taylor, Jr.
Tonya R. Deem
Jason M. Wenker
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300

       1313 N. Market Street
       Hercules Plaza, 6th Floor
       P. O. Box 951
       Wilmington, DE 19899
       Tel: (302) 984-6000

*Counsel for Defendant DuPont and Non-Party Witness Cynthia Bautista Stouffer*

Dated: June 12, 2008
869024/20120-481

10